**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-1526**

---

ROMANO LATAGAN OMALIN,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals. (A72-349-382)

---

Submitted: March 25, 2005          Decided: April 12, 2005

---

Before WILLIAMS and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Petition denied by unpublished per curiam opinion.

---

Romano Latagan Omalin, Petitioner Pro Se. M. Jocelyn Lopez Wright, Victor Matthew Lawrence, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Romano Latagan Omalin, a native and citizen of the Philippines, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming, without opinion, the immigration judge's denial of his application for a waiver of inadmissibility pursuant to § 212(i) of the Immigration and Nationality Act ("INA"), as codified at 8 U.S.C.A. § 1182(i) (West 1999 & Supp. 2004), and the immigration judge's denial of his application for adjustment of status.

The Attorney General previously filed a motion to dismiss the petition for review for lack of jurisdiction. Because we agreed that the court lacks jurisdiction to review the immigration judge's denial of Omalin's application for a § 212(i) waiver, we granted the motion to dismiss to the extent that Omalin's petition challenged this denial. We now address the remaining issues raised in Omalin's petition.

Omalin first contends that the Board's use of the summary affirmance procedure as set forth in 8 C.F.R. § 1003.1(e)(4) (2004) violated his rights under the Due Process Clause. This argument, however, has been squarely rejected by our decision in Blanco de Belbruno v. Ashcroft, 362 F.3d 272 (4th Cir. 2004). In Blanco de Belbruno, we held that "the [Board]'s streamlining regulations do not violate an alien's rights to due process of law under the Fifth

- 2 -

Amendment." Id. at 283. Accordingly, Omalin is not entitled to relief on this claim.

Omalin also argues that the immigration judge's comments regarding the presence of his young child at his immigration hearing evidenced such a bias on the part of the immigration judge as to violate his right to due process of law. Because the remarks of the immigration judge fall well short of displaying a "deep-seated favoritism or antagonism that would make fair judgment impossible," Liteky v. United States, 510 U.S. 540, 555 (1994), we find that Omalin has failed to show judicial bias and therefore cannot establish a violation of his due process rights.

We therefore deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED